UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES AND NANCY WINDOM )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>Defendant. ) | Case No. 1:06-CV-2376-ODE |

# THE UNITED STATES OF AMERICA'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Pursuant to Fed. R. Civ. P. 12(b)(1), the United States of America (the "United States") respectfully moves this Court to dismiss plaintiffs' complaint filed on October 4, 2006 (the "Complaint") for lack of subject matter jurisdiction and, in support, shows as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Charles and Nancy Windom seeks actual and compensatory damages from the United States of America (the "United States") resulting from the death of their son under the Federal Tort Claims Act. See Complaint, ¶¶ 1, 3. Their son, Obadiah U. Windom, was a Job Corps enrollee at the Turner Job Corps Center in Albany, Georgia at the time of his death. See id., ¶ 6. Plaintiffs allege that their son's death was a "direct result" of activities associated with his

enrollment at the Turner Jobs Corps Center.  See id., ¶ 19.

On October 6, 2004, Obadiah U. Windom was lifting weights and exercising in the Turner Job Corps Center gymnasium when he collapsed and died of a heart attack.  See Complaint, ¶¶ 15-17.  His mother, plaintiff Nancy Windom, filed a claim for death benefits with the U.S. Department of Labor (the "DOL"), pursuant to the Federal Employees Compensation Act, 5 U.S.C. §§ 8101, et seq.  See Complaint, ¶ 20; Declaration of Ed Duncan ("Duncan Decl.") (attached hereto as Exhibit "A"), ¶ 4 & Attachment A.[1]

After receiving the claim, DOL's Office of Workers' Compensation Programs ("OWCP") sent two letters to Ms. Windom, dated October 29, 2004 and December 3, 2004, informing her that she needed to submit a doctor's report or other medical records showing that her son's death was related to his Job Corps activities.  See Duncan Decl., Attachments C&D.  Mrs. Windom failed to do so.

As a result, the OWCP denied Mrs. Windom's claim in a Notice of Decision

---

[1] Unlike a Rule 12(b)(6) motion to dismiss, the Court's consideration of a Rule 12(b)(1) motion to dismiss is not limited to the four corners of the pleadings.  See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and *facts outside of the pleadings may be considered as part of that determination*.") (emphasis added).

dated February 23, 2005.  See Complaint, ¶ 20; Duncan Decl., Attachment E.  The Notice of Decision explained that the denial was based on the fact that "there have been no medical records or reports of any kind received in the case."  See Duncan Decl., Attachment E.

Ms. Windom requested a review of the written record by an OWCP Hearing Representative.  See Duncan Decl., ¶ 7 & Attachment F.  However, she did not submit any new medical evidence with her request.  See Duncan Decl., ¶ 7

Consequently, on November 1, 2005, the Hearing Representative affirmed the February 23, 2005 decision on the ground that Mrs Windom had "failed to supply sufficient medical evidence to support her son having developed a medical condition in any way causally related to factors of his federal employment."  See Complaint, ¶ 21; Duncan Decl., Attachment G.  An explanation of Plaintiff's rights to further administrative review also accompanied that decision.  See Duncan Decl., Attachment G.

Eleven months later, Ms. Windom and her husband filed their Complaint in the above-styled action.  In their Complaint, they allege that their son's death resulted from his activities at the Turner Job Corps Center.  Although the Complaint sought damages under the Federal Tort Claims Act, neither Ms. Windom nor Mr. Windom filed an administrative claim under the Federal Tort

Claims Act prior to filing their Complaint.  See Declaration of Catherine P. Carter ("Carter Decl.") (attached hereto as Exhibit "B"), ¶ 3.

## ARGUMENT AND CITATION OF AUTHORITY

### I.      Standard For Motion To Dismiss Under Rule 12(b)(1)

The party invoking the jurisdiction of the Court bears the burden of producing the necessary facts to establish subject matter jurisdiction.  See Slater v. U.S., 175 Fed. Appx. 300, 303 (11th Cir. 2006).  A defendant may move to dismiss a complaint if the underlying facts demonstrate that the Court lacks subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  Unlike a Rule 12(b)(6) motion for failure to state a claim, a Rule 12(b)(1) motion can be supported by matters outside the pleadings, such as affidavits and testimony.  See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and *facts outside of the pleadings may be considered as part of that determination*.") (emphasis added).  Therefore, the Court may consider the declarations attached to this motion in evaluating the United States' motion to dismiss for lack of subject matter jurisdiction.

## II. Plaintiffs Have Failed To Exhaust Their Administrative Remedies With Regard To Their FTCA Claim.

The only statute under which plaintiffs seek relief in the above-styled action is the Federal Tort Claims Act (the "FTCA"). See Complaint, ¶ 1. A plaintiff may not bring an action under the FTCA unless he first has exhausted his administrative remedies. See 28 U.S.C. § 2675(a). In order to satisfy the exhaustion requirement, a plaintiff must present a claim to the appropriate federal agency. See 28 U.S.C. §2675(a).

A claim is deemed presented to an agency when a Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain, is executed and presented to the appropriate federal agency. See 28 C.F.R. §14.2. The purpose of the FTCA administrative claim procedure is to encourage the administrative settlement of claims against the United States and prevent unnecessary burden on the courts. Absent compliance with the requirement that an administrative claim first be presented to the appropriate federal agency, federal courts lack subject matter jurisdiction to entertain suits under the FTCA. See Suarez v. U.S., 22 F.3d 1064, 1065 (11th Cir. 1994) ("A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate

agency.") (citing 28 U.S.C. § 2675(a))

In the present case, neither Charles Windom nor Nancy Windom filed an administrative claim prior filing this suit in district court on October 4, 2006. See Carter Decl., ¶ 3. This omission is not curable; more than two years have passed since the death of Obadiah Windom and, as a result, the statue of limitations precludes plaintiffs from now filing an administrative claim. See 28 U.S.C. § 2401(b). The failure to file an administrative claim under the FTCA within the two-year limitations period deprives federal courts of subject matter jurisdiction over such a claim. See Dalrymple v. U.S., 460 F.3d 1318, 1326 (11th Cir. 2006) Accordingly, to the extent that plaintiffs seek damages under the FTCA, their Complaint must be dismissed for lack of subject matter jurisdiction.

### III. FECA Precludes Plaintiffs From Obtaining Relief Under The FTCA.

Even if plaintiffs had exhausted their administrative remedies, the FECA precludes relief under the FTCA.

The FECA, enacted in 1916, establishes a comprehensive workers' compensation scheme for federal employees, under which federal employees or their survivors receive benefits, regardless of fault, for employment-related injuries or deaths. See 5 U.S.C. §§ 8101, et seq. Once the claimant shows that the injury was sustained in the performance of the federal employee's duties, he is

entitled to compensation for the injury (with some limited exceptions that are not applicable here).  See 5 U.S.C. § 8102(a) ("The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . .")

Participants in the U.S. Job Corps Program are considered federal employees under the FECA.  When Congress established the Job Corps Program, through the Economic Opportunity Act ("EOA") of 1964, the legislation provided for federal workers' compensation coverage.  Section 106(c)(1) and 2(a) of the EOA, enacted on August 20, 1964, read as follows:

> "Enrollees ... shall, for the purposes of the administration of the Federal Employees Compensation Act (5 U.S.C. § 751 et seq.), be deemed to be civil employees of the United States within the term 'employee' as defined in section 40 of such Act (5 U.S.C. § 790) and the provisions thereof shall apply…while participating in an activity authorized by or under the direction and supervision of the Job Corps.

Therefore, Obadiah Windom was covered by the FECA by virtue of his enrollment with the Turner Jobs Corps Center.

Plaintiffs allege that Obadiah Windom's death was a "direct result of his engagement in activities associated with his enrollment at the Turner Jobs Corps Center."  See Complaint, ¶ 19.  Based on plaintiffs' allegations, their remedy for

the death of their son would lie under FECA.  See Scarbrough v. Murrow Transfer Co., 277 F. Supp. 92 (E.D.Tenn 1967).[2]

A claimant's relief under the FECA is exclusive; it precludes relief other federal statutes, including the Federal Tort Claims Act:

> the liability of the United States . . . under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States . . . to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States . . . because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a ***Federal tort liability statute.***

See 5 U.S.C. § 8116(c) (emphasis added).

As the U.S. Supreme Court observed in Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 194, (1983), "[i]n enacting [the FECA] Congress adopted the principal compromise ... commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government."  Accordingly,  the relief that plaintiffs seek in the above-styled action–actual and compensatory damages under the FTCA--is precluded by the

---

[2] Mrs. Windom was aware of the relief available under the FECA:  within weeks of her son's death, she filed a claim for death benefits under the FECA.  See Duncan Decl., ¶ 4 & Attachment A.

FECA.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests the Court to grant its motion and dismiss plaintiffs' Complaint for lack of subject matter jurisdiction.

Respectfully submitted, this 11th day of December, 2006.

                                          DAVID E. NAHMIAS
                                          UNITED STATES ATTORNEY

                                          /s/Neeli Ben-David
                                          Assistant U.S. Attorney
                                          Georgia Bar No. 049788
                                          600 Richard B. Russell Bldg.
                                          75 Spring Street, SW
                                          Atlanta, Georgia 30303
                                          (404) 581-6303 (telephone)
                                          (404) 581-6150 (facsimile)

OF COUNSEL:

Karen Kraykov
Office of the Regional Solicitor
United States Department of Labor
Atlanta Federal Center, Suite 7T10
61 Forsyth Street, S.W.
Atlanta, Georgia 30303
(202) 693-5330 (telephone)

**<u>CERTIFICATE OF COMPLIANCE</u>**

I certify that the document to which this certificate is attached has been prepared with one of the font and point selections approved by the Court in LR 5.1B (Times New Roman, 14 pt.) for documents prepared by computer.

This 11$^h$ day of December, 2006.

/s/Neeli Ben-David

## CERTIFICATE OF SERVICE

I certify that on this day, I electronically filed the foregoing THE UNITED STATES OF AMERICA'S MOTION TO DISMISS AND BRIEF IN SUPPORT with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

> David E. Betts
> Betts & Associates
> The Grant Building, Suite 200
> 44 Broad Street
> Atlanta, Georgia 30030

This 11th day of December, 2006.

/s/Neeli Ben-David